## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAURICE B. MOORE,                          *

    Plaintiff,                           *

v.                                         *          Civ. No. DLB-26-1530

JULIE MCKENNA, *et al.*,                   *

    Defendants.                          *

## MEMORANDUM ORDER

On April 20, 2026, Maurice B. Moore filed a 42 U.S.C. § 1983 lawsuit and a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which is granted. ECF 1, 2. Moore claims he accidentally shot a police officer in 1986, and after he served ten years' imprisonment, a judge granted his habeas petition, finding that he did not enter into a guilty plea before his incarceration. ECF 1, at 9. Moore sues former Saline County, Kansas, prosecutor Julie A. McKenna, former Kansas public defender Ralph J. DeZago, former Saline County Judge Daniel L. Herbert, and Assistant Kansas Attorneys General Andrew D. Holder and Bryan Carter Smith for wrongfully imprisoning him for ten years and, after his conviction allegedly was overturned, for keeping him on parole for more than 20 years. He believes their conduct amounts to a conspiracy and violates the Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments. For the reasons that follow, the complaint is dismissed without prejudice.

Section 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Federal venue laws govern where a plaintiff may bring a lawsuit in federal court. Generally, a plaintiff may file a civil action in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

2

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is not proper, the Court "shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue is not proper in this Court. The defendants reside in Kansas, and none of the events giving rise to Moore's claims occurred in Maryland. The Court must dismiss or transfer this case.

Transfer is not in the interest of justice because Moore's claims likely would be subject to dismissal for failure to state a claim as written. Judge Herbert cannot be sued for decisions made in his official capacity. *Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) ("Judges are absolutely immune from suit for a deprivation of civil rights [under 42 U.S.C. § 1983] for actions taken within their jurisdiction") (alteration and quotation omitted); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). McKenna as a county prosecutor and Holder and Smith, acting as Kansas State's Attorneys, are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Moore sues them for continuing to seek his incarceration and parole when they knew the law required that he be released—an action closely associated with judicial process and thus covered by prosecutorial immunity. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422–23). Lastly, DeZago was Moore's public defender during his criminal trial. An attorney, whether retained or court-appointed, who "perform[s] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," ordinarily does

3

not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 & nn.8–16 (1981) (public defender); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). DeZago was not a state actor subject to suit under § 1983. Because Moore's claims likely would be subject to dismissal for failure to state a claim, transfer is not appropriate. Therefore, the complaint is dismissed without prejudice for improper venue.

Accordingly, it is this 5th day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The motion for leave to proceed in forma pauperis, ECF 2, IS GRANTED;

2.  The complaint IS DISMISSED without prejudice;

3.  The motion for appointment of counsel, ECF 5, IS DENIED as moot;

4.  The Clerk SHALL SEND a copy of this memorandum order to Moore; and

5.  The Clerk SHALL CLOSE this case.

_____
Deborah L. Boardman
United States District Judge

4